**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NAVDEEP SINGH,

    Petitioner,

    v.                                                                No. 1:26-cv-00784-SMD-JMR

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Doc. 3. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Navdeep Singh, a citizen of India, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chapparal, New Mexico. Doc. 3 ¶ 2. Petitioner first entered the United States in 2018, fleeing his home country for fear of political persecution, and presented a credible fear of persecution. *Id.* ¶ 24. An immigration judge then set a monetary bond. *Id.* ¶ 26. Petitioner paid the bond and was released from custody in August of 2018. *Id.* In December of 2019, an immigration judge ("IJ") ordered Petitioner removed. Doc. 12 Ex. 1 ¶ 4. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") and continued to reside in the United States on bond. Doc. 3 ¶ 29. Petitioner began setting up his life; he obtained employment authorization and began working as a cross-country truck

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security. All future filings should be in the name of the substituted party.

driver.  *Id.* ¶ 32.  He also complied with the terms of his release, dutifully attended immigration hearings, and has no criminal history.  *Id.*

The BIA dismissed Petitioner's appeal on June 2, 2025, finalizing the IJ's removal order. Doc. 12 Ex. 1 ¶ 5.  Approximately one month later, Petitioner filed a petition for review with the Ninth Circuit Court of Appeals.  *Id.* ¶ 6.  Then, on September 3, 2025, Petitioner was traveling through New Mexico for work.  *Id.* ¶ 33.  Petitioner presented Customs and Border Patrol ("CBP") with his driver's license and employment authorization card.  *Id.*  CBP permitted him to continue on but, after realizing he had left the employment card with CBP, Petitioner pulled over and came back.  *Id.* ¶ 34.  CBP officers then arrested him.  *Id.*  Petitioner alleges, and Respondents do not dispute, that CBP did not have a warrant to arrest him.  *Id.*  Petitioner was then transferred to Otero County Processing Center where he has remained in custody since.  *Id.* ¶ 36.  After Petitioner was taken into custody, he filed a motion to stay his removal.  *Id.* ¶ 10.  The Ninth Circuit granted that motion on September 16, 2025.  *Id.*

Respondents oppose the petition and contend that "DHS lawfully re-detained Petitioner for the purposes of removal pursuant to an order that was administratively final."  Doc. 12 at 5.  They posit that becomes there was a final order of removal in place, they "need not have followed any other procedure prior to detaining Petitioner."  *Id.*  In their view, they detained Petitioner before the Ninth Circuit had not stayed the order of removal and detention was therefore lawful "for the purposes of removal pursuant to an order that was administratively final."  *Id.*  Respondents dismiss Petitioner's argument that his detention has exceeded the presumptively reasonable six month mark on the premise that *Zadvydas* is inapplicable because "Petitioner's removal period has not yet started."  *Id.*  (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)).  Lastly, Respondents

2

assert that "the Government has an interest in ensuring that the final order of removal is effectuated" and should therefore be permitted to keep petitioner in their custody. *Id.* at 6.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas*, 533 U.S. at 687. A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

The Court first addresses which statute governs Petitioner's detention. Under 8 U.S.C. § 1231, the Attorney General has 90 days to effectuate removal once a removal order is finalized. That period begins on the *latest* of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Respondents are therefore correct that *Zadvydas* does not govern Petitioner's case and that the removal period has not yet begun. Indeed, Petitioner cannot be detained pursuant to Section 1231 because the Ninth Circuit has not entered a final order. *Hechavarria v. Sessions*, 891 F.3d 49, 56 (2d Cir. 2018), *as amended* (May 22, 2018) ("Section 1231 does not govern the detention of immigrants whose removal has been stayed pending judicial review."); *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1332 (11th Cir. 2021) ("We hold that section 1231(a) does not govern the detention of an alien whose removal has been stayed pending a final order from the reviewing court."); *Bejjani v. Immigr. & Naturalization Serv.*, 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other*

*grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) (same).

However, Respondents err in their representation that Petitioner's detention is justified as part of an administratively final removal order. As the Ninth Circuit explained, and as other circuits have affirmed, when a final order of removal is stayed pending judicial review, 8 U.S.C. § 1226 governs. *Avilez v. Garland*, 69 F.4th 525, 531 (9th Cir. 2023) (explaining that § 1226(a) "grants the Attorney General authority to detain a noncitizen throughout the administrative *and* judicial phases of removal proceedings"); *see also Farah*, 12 F.4th at 1332 ("Until we issue our final order as to his petition for review, Farah's detention is governed by section 1226(c)."); *Hechavarria*, 891 F.3d at 56–57; *Guzman Chavez v. Hott*, 940 F.3d 867, 877 (4th Cir. 2019). "Broadly speaking, section 1226 governs the detention of immigrants who are not immediately deportable," and "[w]hen a court of appeals issues a stay pending judicial review of an underlying removal order, the removal is not inevitable." *Hechavarria*, 891 F.3d at 56–57. Petitioner fits squarely within that class—his removal proceedings are pending before the Ninth Circuit and his detention falls within § 1226's ken. *Avilez*, 69 F.4th at 534.

Section 1226 empowers Respondents to detain Petitioner, but it must do so within the Fifth Amendment's confines. Respondents have abandoned those procedural safeguards here. Respondents do not allege that ICE had a warrant to arrest Petitioner, that Petitioner received notice his bond was being revoked, or a hearing to challenge the decision after it was. Nor do they argue that Petitioner ever violated the terms of his bond such that detention would be warranted in this case. Respondents avoid the Fifth Amendment question completely, instead maintaining that they "need not have followed any other procedure prior to detaining Petitioner" aside from acting to a final order of removal itself. Doc. 12 at 5. That assertion is meritless. The government must

4

always ensure constitutional compliance when depriving individuals of their personal liberty. *Wong Wing v. United States*, 163 U.S. 228, 238 (1896).

The Court finds that Respondents have detained Petitioner in violation of the Fifth Amendment.  In reaching this conclusion, the Court weighs the factors first articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1975):

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*  The balance of these considerations conclusively favors Petitioner.  Petitioner has a protected liberty interest in remaining free from detention.  *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").  When he was released on bond, the government created "'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . .  conditions of release.'"  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972)).  Petitioner built a life on that promise; working, establishing community ties, and faithfully complying with his bond conditions for the past seven years.

Still, Respondents counter that they have a venerable interest in continuing detention to "ensur[e] that the final order of removal is effected."  Doc. 12 at 6.  This statement cannot support indefinite detention nor warrantless arrest.  The government will always have an easier time, whether it be in the criminal or immigration context, ensuring compliance with the law when individuals are in detention.  But whatever efficiencies result from detention, they cannot stamp out the most fundamental of constitutional rights.  *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d

1382, 1390 (10th Cir. 1981) ("[W]e hold that the burden is upon the government to show that the detention is still temporary pending expulsion, and not simply incarceration as an alternative to departure."). More importantly, Respondents do not explain what interest they have in arresting Petitioner without a pre-detention hearing. *Pinchi*, 792 F. Supp. 3d at 1036 ("[D]ue process requires the government to identify some interest beyond its own administrative practices to justify depriving an individual of her liberty without any pre-deprivation protections."). Absent this procedural step, the risk of erroneous depriving Petitioner of his fundamental right in personal liberty is remarkable.

The Court concludes that nine months of detention, imposed after years of release on bond and without a scintilla of notice or process, runs afoul of the Fifth Amendment. *Mathews*, 424 U.S. at 335; *see, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1036; *Betancourth v. Tate*, __ F. Supp. 3d __, 2026 WL 638482, at *3 (S.D. Tex. Mar. 6, 2026) ("Because the Government created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release her in 2017, that release cannot be revoked arbitrarily and without due process.").

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**;

2) Respondents shall release Petitioner within **48 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the

manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**